**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **NORTH AMERICA MACHINERY LLC,** § § § | |
| *Plaintiff,* § | |
| § | **CIVIL ACTION NO._____** |
| **VS.** § | |
| § | |
| **SPEAK2VOICE LLC and RAHIM RAJWANI** § § | |
| *Defendants.* | |

**<u>DEFENDANTS RAHIM RAJWANI and SPEAK2VOICE
NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, Defendants Rahim Rajwani and Speak2Voice ("Defendants") remove the action currently pending in the 400th Judicial District Court of Fort Bend County, Cause No. 24-DCV-313877, to the Southern District of Texas, Houston Division.

Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 because Plaintiff North America Machinery LLC ("Plaintiff") and Defendants have complete diversity of citizenship, and the amount in controversy exceeds $75,000.00. In support of this Notice of Removal, Defendants state as follows:

## I. <u>BACKGROUND</u>

1. Plaintiff filed its Original Petition, Application for Temporary Restraining Order, Jury Demand, Rule 193.7 Notice ("Petition") against Defendants in the 400th Judicial District of Fort Bend County on March 5, 2024, styled *North America Machinery LLC* vs. *Speak2Voice and Rahim Rajwani*, in Cause No. 24-DCV-313877 ("State Court Action").

2. Defendants were served with the Petition on March 26, 2024.

3. A copy of the Original Petition, Application for Temporary Restraining Order, Jury Demand, Rule 193.7 Notice filed in the State Court Action, together with all filed pleadings and a copy of the court docket sheet is attached hereto as **Exhibit A** pursuant to 28 U.S.C. §§ 1332. No other pleadings or orders have been served or filed in the State Court Action.

4. The Plaintiff is seeking monetary relief and punitive damages which exceed $1,000,000.00 based on the contract it entered into with the Defendant, Speak2Voice, LLC. **See Original Petition.**

5. Plaintiff's allegations are made against defendant Speak2Voice, LLC (S2V) and Rahim Rajwani (Rajwani) for an alleged breach of Conditional Settlement Agreement and Release (the Agreement) between S2V and Plaintiff. Rajwani signed the Agreement "as member" of S2V. The Agreement obligates S2V and as a result the consideration was paid by S2V. Plaintiff attaches four (4) exhibits, A-D, each showing the documentation between S2V and Plaintiff. **See Original Petition.**

6. At the end of Plaintiff's five causes of action, Plaintiff asserts the "Alter Ego, Piercing the Corporate Veil and Single Business Enterprise" theory against Rajwani. The allegations state that Rajwani and SV2 are alter egos of each other, however, there are no specific allegations as to how the individual and the company are a single business enterprise. **See Original Petition.**

## II. THIS NOTICE OF REMOVAL IS TIMELY FILED IN THE PROPER VENUE

7. Removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days of alleged receipt of the Original Petition by Plaintiff. See 28 U.S.C. § 1446(b)(2)(B). If the case stated by the initial pleading is removable, then notice of removal must be filed within 30 days from the receipt of the initial pleading by the defendant. *Delaney v. Viking*

*Freight, Inc.*, 41 F. Supp. 2d 672 (E.D. Tex. 1999).

8. The United States District Court for the Southern District of Texas, Houston Division, is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

9. Removal of this action is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Section 1332 provides that the District Court shall have original jurisdiction over any civil action where the amount in controversy exceeds $75,000.00 and is between citizens of different states. All these requirements have been met.

### III. THIS COURT HAS DIVERSITY JURSIDICTION

**A.**    **Complete Diversity of Citizenship**

10. The right to remove an action to federal court arises when a defendant is first put on notice that all prerequisites for invoking federal jurisdiction have been met, for purposes of determining the timeliness of a notice of removal.

11. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. See 28 U.S.C. § 1332(a).

12. There is complete diversity of citizenship between Plaintiff and Defendants except for the nominal, improper or fraudulently joined defendant discussed below. See 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (diversity jurisdiction requires that no plaintiff is from the same state as any defendant); *Strawbridge v. Curtiss*, 7 U.S. 267, 2 L. Ed. 435 (1806).

13. Plaintiff is a corporation organized under the laws of the state of New Jersey with its corporate headquarters in Middlesex County, State of New Jersey. **See Original Petition. ¶ 6.**

Defendants are both citizens of Fort Bend County, State of Texas.

### B. Improper/Nominal or Fraudulent Joinder

14. The individual Defendant, Rahim Rajwani, has been improperly or fraudulently joined in the State Court action solely to defeat Federal Diversity Jurisdiction.

15. The federal pleading standard applies when conducting a Rule 12(b)(6) type analysis to determine whether the plaintiff has failed to state a claim against the nondiverse defendant, and the nondiverse defendant has been improperly joined. *Int'l Energy Ventures Management, L.L.C., v. United Energy Grp, Ltd*. 818 F 3d 193, 208 (5th Circuit. 2016). Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

16. Conclusory allegations which are insufficient to state a claim against the non-diverse defendant, dismissal on the basis of fraudulent joinder is proper. *Karnatcha v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013). See *Block v. Toyota Motor Corp*. 665 F.3d 944, 950 (8th Cir. 2011) (holding that the conclusory allegations that defendants knew of the alleged defect are insufficient to show that Brooklyn Park Motors had actual knowledge as required by law). See also *Owens v. Boston Scientific Corp*. 642 F.Spp.3d 907, 912 (E.D. Mo. Nov. 23. 2022) (stating that the petition contains no allegations of specific facts that would support the plaintiff's claim that the defendant knew or should have known of the dangerous conditions). As such, the allegations are conclusory; they are not entitled to be assumed true. *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

17. Plaintiff's facts expressly states that S2V promised to pay Plaintiff the sum of $1,279,371.58. **See Original Petition ¶16**. S2V did not pay for the cranes and equipment as agreed. **See Original Petition ¶17**. S2V, Plaintiff and the carrier of cargo, Best International Cargo, entered into a settlement agreement dated January 28, 2024, whereby S2V promised payment to Plaintiff

in the total amount of $900,000 to release certain of the cranes sold to S2V. **See Original Petition ¶20.** S2V provided Plaintiff with business checks made payable on future dates as agreed under the settlement agreement. **See Original Petition ¶21.**

18. It is undisputed, that is lawsuit is based on a contract dispute the Agreement between Plaintiff North American Machinery LLC., Best International Cargo, Inc. and S2V. Rajwani did not sign it individually; his signature explicitly states "as a member". **See Original Petition Exhibit A**. The Agreement also does not obligate Rajwani to pay any consideration individually. **See Original Petition**. Also attached with Plaintiff's own petition as Exhibit C, are checks between the three entities; S2V, North American Machinery LLC and International Cargo Inc. **See Original Petition Exhibit C**.

19. Almost as an afterthought, Plaintiff adds Rajwani into this lawsuit with nothing but conclusory allegations on how Rajwani and S2V are alter egos of each other, when all evidence and monies show that the dealings with the company S2V. There is no specific factual allegation, exhibit or otherwise, that would indicate that Rajwani was in any way personally connected to the Agreement for him to be personally liable for any breach of that Agreement. As this Court applied the federal pleading standard, it must dismiss Rajwani because there is no factual basis that would make it plausible that Rajwani has a personal obligation towards the terms of the Agreement. Courts may look beyond pleadings to determine improper joinder. **See Exhibit D** sworn affidavit of Rajwani, attached hereto and incorporated herein for all purposes.

20. This addition is an attempt at adding a non-diverse defendant to prevent the lawsuit from being moved to this Court. For these reasons, Rajwani must be dismissed from this lawsuit.

    **C.**    **Amount in Controversy**

21. Plaintiff is suing to collect the unpaid value of purchased cranes from the Defendants

and is seeking a judgment for a sum of money that exceeds $75,000.00. See Original Petition

22. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In other words, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998). Plaintiff requests permanent injunctive relief to enforce its contractual rights against the Defendant. Because Plaintiff has sued to enforce its rights over a contractual obligation, the subject property's value controls the amount in controversy. Value of property controls in determining whether amount in controversy is sufficient to provide federal District Court jurisdiction under diversity statute, when validity of contract or right to property is called into question in its entirety. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545 (5th Cir. 1961). The alleged obligation of the Defendants goes beyond $1,400,000.00. Accordingly, the amount in controversy exceeds $75,000 as the value of the subject property exceeds $75,000.

23. Removal pursuant to 28 U.S.C. § 1441 is therefore appropriate because this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### IV. ADDITIONAL PROCEDURAL MATTERS

24. Upon filing this Notice of Removal, Defendants will promptly serve Plaintiff through its counsel with written notice of such removal and will file a Notice of Removal in the state court in which this case was originally filed.

25. Pursuant to 28 U.S.C. § 1446(a), Defendants has attached the following:

   i. An index of all documents filed;

   ii. A copy of the docket sheet and all pleadings filed in the State Court Action

      **(Exhibit A)**;

iii.    A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and parties represented by him/her **(Exhibit B)**;

iv.    State Court Notice of Filing **(Exhibit C)**

v.    Individual Defendant's Sworn Affidavit (**Exhibit D**)

## CONCLUSION

Defendants respectfully requests that the action now pending in the 400th Judicial District Court of Fort Bend County, Texas, Cause No. 24-DCV-313877, be removed to the United States District Court for the Southern District of Texas, Houston Division; the the individual named defendant be dismissed from this case and that this District Court assume exclusive jurisdiction of this action, entering such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

RESPECTFULLY SUBMITTED,

*/s/ Gagan Khan*
**GAGAN KHAN**
State Bar No. 24090207
Federal Bar No. 2627634
efile@gagan.law
*Attorney-In-Charge for Defendants*

**OF COUNSEL**
GK LAW PLLC
701 N. Post Oak Road, Suite 612
Houston, Texas 77024

**RANDALL B. CLARK**
State Bar No. 04294900
Federal Bar No. 3399
701 N. Post Oak Road, Suite 612
Houston, Texas 77024
Phone: 713.428.2045
Fax: 806.630.4109

## **CERTIFICATE OF SERVICE**

      I certify that on April 25, 2024, a true and correct copy of this pleading was served upon all counsel and/or parties of record in accordance with the PACER/ECF and the Federal Rules of Civil Procedure.

**Seth A. Nichamoff**　　　　　　　　　　　　**via PACER/ECF**
2444 Times Boulevard, Suite 270
Houston, Texas 77005
Tel: 713-503-6706
seth@nichamofflaw.com

                                        */S/ GAGAN KHAN*
                                        **GAGAN KHAN**