# Exhibit A

JS 44   (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| NORTH AMERICA MACHINERY LLC | SPEAK2VOICE LLC and RAHIM RAJWANI |

**(b)** County of Residence of First Listed Plaintiff   Middlesex County, New
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Fort Bend County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nichamoff Law PC, 2444 Times Boulevard, Suite 270
Houston, Texas 77005, Tel: 713-503-6706 Fax: 713-360-7497

Attorneys *(If Known)*
GK Law PLLC, 701 N. Post Oak Road, Suite 612
Houston, Texas 77024, Phone: 713-428-2045
Fax:  806-630-4109

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 28 U.S.C. § 1441

Brief description of cause:
Claim for Fraud, Breach of Contract, Texas Theft Liability Act, Fraudulent Transfer, Imposition of Constructive Trust, Attorney's Fees

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
$ 1,400,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
Apr 24, 2024

SIGNATURE OF ATTORNEY OF RECORD
Gagan Khan

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions.</u>

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Filed
3/5/2024 11:32 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Alvi Aimen

Cause No. ___24-DCV-313877___

| | | |
|---|---|---|
| **NORTH AMERICA MACHINERY LLC,** | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| Vs. | § | OF FORT BEND COUNTY, TEXAS |
| | § | |
| **SPEAK2VOICE LLC** and **RAHIM** | § | |
| **RAJWANI,** | § | |
| | § | Fort Bend County - 400th Judicial District Court |
| Defendants. | § | _____ DISTRICT |

---

### PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE 193.7 NOTICE

---

TO THE HONORABLE COURT:

COMES NOW Plaintiff **North America Machinery, LLC** complaining of Defendants **Speak2Voice, LLC** ("Speak2Voice") and **Rahim Rajwani** and seeking a temporary restraining order and injunction, and for causes of action respectfully shows as follows:

#### A. Discovery Control Plan

1.      Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively plead that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $250,000.

#### B. Claim for Relief

2.      Plaintiff seeks monetary relief over $1,000,000. Tex. R. Civ. P. 47(c)(4).

3.      Defendants agreed to purchase cranes from Plaintiff for delivery to Defendants' customer in India. When the cranes arrived in India, Plaintiff released the cranes upon Defendants' promises to pay for the equipment, supported by checks made payable to Plaintiff in the promised



Electronic Certified Copy

amounts.    Defendants received payment for the cranes from the end customer.    Defendants pocketed the sums received from Defendants' customer.    Defendants' checks made payable to Plaintiff were returned for insufficient funds when deposited.

4.    Plaintiff seeks to recover the promised sums from Defendants under theories of contract, fraud, fraudulent transfer and misrepresentation.

5.    Plaintiff seeks a temporary restraining order, injunction and/or receiver with respect to sum received by Defendants from the third-party for the equipment sold to Defendants by Plaintiff.

### C.  Parties

6.    Plaintiff is a corporation formed and existing under the laws of New Jersey, with its principal office located at 55 Carter Drive, Suite 201, Edison, New Jersey 08817.

7.    Defendant **Speak2Voice** is a domestic limited liability company with its principal office located at 5024 Bellevue Falls Lane, Sugar Land, Texas 77479.  This defendant may be served through its registered agent, Mr. Rajwani, at its registered office, 5024 Bellevue Falls Lane, Sugar Land, Texas 77479.

8.    Defendant **Mr. Rajwani**, an individual residing at 5024 Bellevue Falls Lane, Sugar Land, Texas 77479, may be served with process at his residence.

### D.  Tex. Civ. Prac. & Rem. Code §30.014(A)

9.    Plaintiff has not been issued a driver's license.  Plaintiff has not been issued a social security number.

### E.  Jurisdiction

10.    This Court has jurisdiction over this matter because the amount in controversy exceeds this Court's minimum jurisdictional requirements.



Electronic Certified Copy

## F. Venue

11.    Venue is proper in Fort Bend County under Texas Civil Practice & Remedies Code § 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in this county, Mr. Rajwani, a natural person, resides in this county, and Speak2Voice maintains its principal office in this county.

## G. Facts

12.    Mr. Rajwani and his wife are serial corporate filers and entities created by them have been used to commit fraud on unsuspecting parties.[1] Previously, through a company named B.R. Crane & Equipment, LLC, Mr. Rajwani obtained industrial equipment upon a promise to pay for same.  He then sold the equipment and pocketed the proceeds without ever paying for the equipment.[2]

13.    Mr. Rajwani used Khimsons Enterprises, Inc., Twin Logistics and B.R. Crane & Equipment, LLC to avoid fairly compensating employees for hourly wages and overtime.[3]

14.    Mr. Rajwani used B. R. Crane & Equipment, LLC to sell industrial equipment it did not own so that Mr. Rajwani could pocket take $250,000 from an unsuspecting buyer.[4]

15.    Since 2020, Plaintiff and Mr. Rajwani and his companies engaged in various crane and equipment transactions.  Through the course of the transactions, Mr. Rajwani earned Plaintiff's

---

[1] Mr. Rajwani and his wife have formed at least 12 entities, including (1) Khimsons Enterprises, Inc., (2) Gift & Home Accent, Inc., (3) BKR Crane & Equipment Ltd., (4) Twin Logistics LLC, (5) TLD Global LLC, (6) TLD Estate Group LLC, (7) Budget Software Inc., (8) B R Crane & Equipment LLC, (9) Star Lifters LLC, (10) Speak2Voice LLC, (11) Luxury House Direct LLC, and (12) United Jubilee Properties LLC.

[2] *See* Cause No. 2019-13197, *Kohinoor Crane Service v. B.R. Crane & Equipment, LLC*, 333rd Judicial District, Harris County, Texas.

[3] Case 4:13-cv-02650, *Ansari v. Khimsons Enterprises Inc.*, United States District Court, Southern District of Texas.

[4] Case No. 4:17-cv-03347, *Servicios Misiones S.A. de C.V. v. B.R. Crane & Equipment, LLC*, United States District Court, Southern District of Texas.



Electronic Certified Copy

trust and confidence. Based on the course of dealings and trust built between the parties, Plaintiff agreed to a million-dollar crane and equipment transaction with Mr. Rajwani.

16.    To that end, Mr. Rajwani used Speak2Voice to purchase cranes from Plaintiff and then sell that same equipment onwards to end customers.  Specifically, in a series of transactions from February 28, 2023 through February 11, 2024, Speak2Voice promised to pay to Plaintiff the sum of $1,279,371.58 for various cranes and equipment, delivered to India.[5]  The end buyers of the cranes and equipment were  (a) Universal Cranes and Equipment and  Plaintiff agreed to pay 30% of the price for the cranes and equipment upon shipment to India and 70% of the price upon delivery.

17.    However, Speak2Voice did not pay for the cranes and equipment as agreed.  The cranes and equipment were shipped to India as promised by Plaintiff.  Speak2Voice failed to pay 70% of the purchase price upon shipment.  When the cranes and equipment arrived in India, Plaintiff refused to release any of the cranes and equipment without payment.  Accordingly, storage charges commenced to accrue on the cranes and equipment at the port of arrival in India.

18.    Speak2voice purposely requested the parts (counter-weights, loafers, jib, etc.) to ship in shipping containers separate from main bodies of cranes and his modus operandi is he made the plaintiff to release the parts on the pretext of giving complete payment once main machine arrives. So, by doing this, parts of the crane went to consignee and Plaintiff remains with main machines in hand which make those machines worthless, because either Plaintiff nor consignee can resell the machine to recover the funds.

---

[5] Attached as **Exhibits A and B** and incorporated by reference are true and correct copies of statements reflecting cranes and equipment sold to Speak2Voice.

Electronic Certified Copy

19.     As storage charges accrued, Mr. Rajwani tried to renegotiate the purchase of the cranes and equipment, now seeking to pay substantially reduced amounts for the cranes and equipment instead of the previously promised sums.

20.     Eventually, as Plaintiff was being forced to pay ongoing storage of the cranes and equipment, Speak2Voice, Plaintiff and the carrier of the cargo, Best International Cargo, entered into a settlement agreement dated January 28, 2024 whereby Speak2Voice promised payment to Plaintiff in the total amount of $900,000 to release certain of the cranes sold to Speak2Voice.[6]

21.     To secure the payments under the agreement, Speak2Voice provided Plaintiff with business checks made payable on future dates as agreed under the settlement agreement.[7]

22.     Based on Defendants' promises of payment and assured by the checks made by Speak2Voice, Plaintiff authorized the release of most of the cranes and equipment to the end buyers.

23.     Unknown to Plaintiff at the time, Defendants never intended to pay the sums promised under the settlement agreement and only made the false promise of payment with the intent to induce Plaintiff into agreeing to release the cranes and equipment to the end buyers in India.

24.     Plaintiff never received the first promised $500,000 under the settlement agreement despite Mr. Rajwani's representation that the payment had been made.  The February 7, 2024 payment in the amount of $100,000 was returned for insufficient funds.  Mr. Rajwani ordered a stop payment on the February 24, 2024 check made to Plaintiff in the amount of $300,000.

---

[6] Attached as **Exhibit C** and incorporated by reference is a true and correct copy of the settlement agreement.

[7] Attached as **Exhibit D** and incorporated by reference are true and correct copies of checks made payable to Plaintiff by Speak2Voice.



Electronic Certified Copy

Ultimately, Plaintiff received none of the sums promised by Defendants under the original sales agreement and the subsequent settlement agreement.

25.     Upon the failure of the payments, Plaintiff successfully stopped the release of 2 of the cranes, and these remain in India accruing storage charges.

26.     Defendants falsely represented to Plaintiff that that initial payment under the settlement agreement was made by presenting a deposit receipt showing payment in the amount of 41,500,000 Rupees (approximately $540,000) from Universal Cranes and Equipment, on behalf of Speak2Voice, to Plaintiff through Plaintiff's local designee, Maple Maritime Pvt. Ltd.  That payment never occurred.[8]

### H.  Count 1 - Claim for Fraud

27.     Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

28.     Defendants promised to pay to Plaintiff the sum of $1,279,371.58 for various cranes and equipment and then later promised to pay $900,000 for those same cranes and equipment. Based on Defendants' promises of payment both under the initial agreement and subsequent settlement agreement, Plaintiff shipped the cranes and equipment to India and agreed to release certain of the cranes and equipment to the end buyers. Defendants had reason to know and expected that the promises would be relied upon by Plaintiff.

29.     Defendants' representations regarding payments under the initial agreement and subsequent settlement agreement were material to the transactions – Plaintiff would never have

---

[8] Attached as **Exhibit E** and incorporated by reference is a true and correct copy of the falsely represented payment.

Electronic Certified Copy

agreed to ship the cranes and equipment to India and agree to the release of same without said promises of payment.

30.     However, Defendants' representations and promises were false statements of fact and/or false promises of payment. Defendants made the false representations and promises knowing they were false.  Defendants intended for Plaintiff to rely on and had reason to expect Plaintiff would act in reliance on the false representations and promises described above.  Plaintiff justifiably relied on the false representations and promises in shipping and releasing the cranes and equipment as described above.

31.     Defendants' false representation directly and proximately caused damages to Plaintiff in excess of $1.4 million, together with interest, consequential damages in the form of accruing storage, transportation, detention and demurrage charges, costs and attorneys' fees.

## I.   Count 2 - Claim for Breach of Contract

32.     Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

33.     Additionally and/or alternatively, for and in consideration of Speak2Voice's agreement to pay to Plaintiff certain sums, Speak2Voice requested, and Plaintiff agreed to sell to Speak2Voice certain cranes and equipment as described above.

34.     Plaintiff fully performed all of its obligations, entitling Plaintiff to payment as described above. However, Defendant failed to pay invoiced amounts when due. Defendant's failure to pay invoices when due as described above constitutes a material breach and/or wrongful repudiation of the above-described agreement.



Electronic Certified Copy

35.     By reason of Defendant's material breach and/ or wrongful repudiation of its obligation under the above-described agreement, Plaintiff is owed and has sustained damages to Plaintiff in excess of $1.4 million, together with interest, consequential damages in the form of accruing storage, transportation, detention and demurrage charges, costs and attorneys' fees.

### J.   Count 3 - Claim Under Texas Theft Liability Act

36.     Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

37.     Additionally and/or alternatively, Plaintiff brings this action under the Texas Theft Liability Act for an unlawful appropriation of property under Texas Penal Code §§ 31.01, *et seq.* Plaintiff was the owner of and entitled to possession of the cranes and equipment.  Defendants unlawfully appropriated certain of the cranes and equipment as such is defined by Texas Penal Code § 31.01(4) by deception as defined by Texas Penal Code § 31.01(1) in violation of Texas Penal Code § 31.03.

38.     Defendants' unlawful appropriation was made with the intent to deprive Plaintiff of the cranes and equipment.  Such intent is presumed under Texas Penal Code § 31.06.

39.     Defendants' wrongful conduct caused injury to Plaintiff, which resulted in damages in excess of $1.4 million, together with interest, consequential damages in the form of accruing storage, transportation, detention and demurrage charges, costs and attorneys' fees.

40.     Upon proof of actual damages, Plaintiff is entitled to additional statutory damages of up to $1,000 from Defendants under Texas Civil Practice & Remedies Code § 134.005(a)(1).



**Electronic Certified Copy**

### K.  Count 4 – Claim for Fraudulent Transfer

41.    Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

42.    Additionally, and/or in the alternative, Texas Business & Commerce Code § 24.006, Transfers Fraudulent as to Present Creditors, provides as follows:

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

(b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

43.    Texas Business & Commerce Code § 24.007, When Transfer is Made or Obligation is Incurred, provides that:

For the purposes of this chapter:

a.  a transfer is made:

  i.  with respect to an asset that is real property other than a fixture, but including the interest of a seller or purchaser under a contract for the sale of the asset, when the transfer is so far perfected that a good faith purchaser of the asset from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of the transferee; and

  ii.  with respect to an asset that is not real property or that is a fixture, when the transfer is so far perfected that a creditor on a simple contract cannot acquire a judicial lien otherwise than under this chapter that is superior to the interest of the transferee;

b.  if applicable law permits the transfer to be perfected as provided in Subdivision (1) of this section and the transfer is not so perfected before the commencement



**Electronic Certified Copy**

of an action for relief under this chapter, the transfer is deemed made immediately before the commencement of the action;

c.  if applicable law does not permit the transfer to be perfected as provided in Subdivision (1) of this section, the transfer is made when it becomes effective between the debtor and the transferee;

d.  a transfer is not made until the debtor has acquired rights in the asset transferred; and

e.  an obligation is incurred:

   i.  if oral, when it becomes effective between the parties; or

   ii. if evidenced by a writing, when the writing executed by the obligor is delivered to or for the benefit of the obligee.

44.    Texas Business & Commerce Code § 24.008, Remedies of Creditors,

provides as follows:

(a) In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations in Section 24.009 of this code, may obtain:

   a.  avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;

   b.  an attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the applicable Texas Rules of Civil Procedure and the Civil Practice and Remedies Code relating to ancillary proceedings; or

   c.  subject to applicable principles of equity and in accordance with applicable rules of civil procedure:

      i.  an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;

      ii. appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or

      iii. any other relief the circumstances may require.

(b) If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds.



Electronic Certified Copy

45.    Defendants transferred the rights to receive payments for the cranes and equipment and/or received such payments for the cranes and equipment from the end buyers of the cranes and equipment through other entities and persons unknown to Plaintiff at this time.

46.    Defendants were insolvent at the time of the payments and transfers of rights to same, and Defendants had reasonable cause to believe that Defendants were insolvent at the time of the payments and transfers of rights to same.

47.    Additionally, and/or alternatively, Defendants made the above-described transfers without receiving a reasonably equivalent value in exchange for the transfers, and Defendants were insolvent at that time or Defendants became insolvent as a result of the transfers, and unable to pay the debts owed to Plaintiff.

48.    On account of the above, under Texas Business & Commerce Code § 24.008(a)(1), Plaintiff is entitled to judgment avoiding the transfers by Defendants to other entities and persons unknown to Plaintiff at this time.

49.    Additionally, under Texas Business & Commerce Code § 24.008(b), Plaintiff is entitled to judgment levying execution on sums transferred by Defendants to themselves, and potentially other entities and persons unknown to Plaintiff at this time.

### L.  Count 5 – Claim for Imposition of Constructive Trust

50.    Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

51.    Plaintiff seeks the imposition of a constructive trust on Defendants to recover the proceeds from the sale of the cranes and equipment in aid of the recovery on Plaintiffs' claim.



Electronic Certified Copy

### M. Count 6 - Attorneys' Fees

52.     Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

53.     Plaintiff is entitled to recover reasonable expenses, including attorneys' fees, under Texas Civil Practice & Remedies Code § 134.005(b).

### N.  Exemplary Damages

54.     Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

55.     Additionally, and/or alternatively, pursuant to Chapter 41 of the Texas Civil Practice & Remedies Code, the conduct by Defendants constitutes malice and/or in the alternative gross negligence.

56.     Specifically, the conduct by Defendants constitutes malice and in the alternative gross negligence as defined in Chapter 41 of the Texas Civil Practice & Remedies Code.

57.     As a result of the above-described conduct, acts and omissions, Plaintiff is entitled to exemplary damages from Defendants in an amount within the jurisdictional limits of this court.

### O.  Piercing the Corporate Veil, Alter Ego, and Single Business Enterprise

58.     Plaintiff repeats, realleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

59.     Plaintiff alleges that Defendants are jointly and severally liable for the conduct of each other because they are the alter egos of each other.  Equity demands that the separate corporate



Electronic Certified Copy

identities of this entity and individual should be disregarded and they should be treated as one to prevent the use of the corporate fiction to avoid unfairness and inequity.

60.     Upon information and belief, Mr. Rajwandi controlled Speak2 Voice.  Mr. Rajwandi utilized this entity to try to avoid liability and the entity was organized and operated as a mere tool or business conduit of Mr. Rajwandi.

61.     Plaintiffs further allege that Defendants are jointly and severally liable for the conduct of each other alleged in this petition because the corporate identity was used as a sham to perpetuate a fraud on Plaintiff.  Defendants intended to and did perpetuate an actual fraud on Plaintiff as described above.

62.     Additionally, Plaintiff alleges that Defendants are jointly and severally liable for the wrongful conduct alleged in this petition, because they constitute a single business enterprise carrying out a common objective.  Defendants integrated their resources to achieve a common business purpose.

63.     Plaintiff next alleges that the corporate forms of the entities were utilized to attempt to avoid the existing legal obligations of Defendants.  The entities were formed and/or utilized to avoid Defendants' respective existing legal obligations to Plaintiff.

**P.  Application for Temporary Restraining Order & Appointment of a Receiver**

64.     Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

65.     Plaintiff asks the Court to freeze Defendants' non-exempt assets and provide an accounting of the sums received for the cranes and equipment and whereabouts thereof.



Electronic Certified Copy

66.     Plaintiff's application for a temporary restraining order is authorized by Texas Civil Practice & Remedies Code § 65.011(1)-(3) and Texas Business & Commerce Code § 24.008(a)(3)(A).  Under Texas Business & Commerce Code § 24.008(a)(3)(B), Plaintiff is entitled to the appointment of a receiver to take charge of Defendants' assets.

67.     It is probable that Plaintiff will recover from Defendants after a trial on the merits on Plaintiff's claim as Defendants owe money for the cranes and equipment, and intent to commit theft is presumed under Texas Penal Code § 31.06.

68.     If Plaintiff's application is not granted, harm is imminent. The harm that will result if the temporary restraining order is not issued is irreparable.  Without a restraining order, Plaintiff will be left without adequate remedy. The sums for the cranes and equipment have been and will be further disbursed and unreachable to satisfy Plaintiff's claim. Such is the case where a defendant will be unable to pay damages if an injunction is not issued.[9]

69.     Plaintiff is willing to post bond.[10]

## Q.  Request for Temporary Injunction

70.     Plaintiff asks the Court to set their application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendants.

## R.  Conditions Precedent

71.     All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

---

[9] *Texas Indus. Gas v. Phoenix Metallurgical Corp.*, 828 S.W.2d 529, 533 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Bank of Southwest v. Harlingen Nat'l Bank,* 662 S.W.2d 113, 116 (Tex.App.—Corpus Christi 1983, no writ); *Surko Enters., Inc. v. Borg–Warner Acceptance Corp.,* 782 S.W.2d 223, 225 (Tex.App.—Houston [1st Dist.] 1989, no writ).

[10] *See* Tex. R. Civ. P. 684.

Electronic Certified Copy

### S.  Jury Demand

72.    Pursuant to Texas Rule of Civil Procedure 216, Plaintiff hereby demands a trial by jury.

### T.  Rule 193.7 Notice

73.    Pursuant to Texas Rules of Civil Procedure 193.7, Plaintiff gives notice that all documents produced by any party may be used at any pre-trial proceeding or at trial.

### U.  Prayer

WHEREFORE, Plaintiff respectfully requests that Defendants be cited to appear and that, on final trial, on final trial, Plaintiff have:

    a.    Judgment against Defendants awarding Plaintiff actual damages in an amount within the jurisdictional limits of this court;

    b.    Judgment against Defendants awarding Plaintiff exemplary damages;

    c.    The imposition of a constructive trust as urged by Plaintiff;

    d.    Judgment against Defendants awarding Plaintiff reasonable attorneys' fees and expenses;

    e.    A temporary restraining order as sought herein;

    f.    A temporary injunction as sought herein;

    g.    The appointment of a receiver as requested herein;

    h.    Judgment against Defendants awarding Plaintiff prejudgment and post-judgment interest as allowed by law;

    i.    Judgment against Defendants awarding Plaintiff costs of suit; and

    j.    Such other and further relief to which Plaintiffs may be justly entitled.



Electronic Certified Copy

Respectfully submitted,

**NICHAMOFF LAW PC**

*/s/ Seth a. Nichamoff*

By: _____

Seth A. Nichamoff
State Bar No. 24027568
2444 Times Boulevard, Suite 270
Houston, Texas 77005
(713) 503-6706 Telephone
(713) 360-7497 Facsimile


**ATTORNEYS FOR PLAINTIFF**



Electronic Certified Copy

Cause No. _____

| NORTH AMERICA MACHINERY LLC, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| Vs. | § | OF FORT BEND COUNTY, TEXAS |
| | § | |
| SPEAK2VOICE LLC and RAHIM | § | |
| RAJWANI, | § | |
| | § | |
| Defendants. | § | _____ DISTRICT |

## UNSWORN DECLARATION

| THE STATE OF NEW JERSEY | § | |
| | § | |
| COUNTY OF MIDDLESEX | § | |

1. My name is **Ajay Jani,** my date of birth is **September 20, 1968,** and my address is **55 Carter Drive, Suite 201, Edison, New Jersey 08817.** I declare under penalty of perjury that the facts stated in this document are true and correct.

2. I am the president of Plaintiff North America Machinery LLC. As the President of Plaintiff, I am authorized to make this declaration on Plaintiff's behalf. I am capable of making this verification. I have read the foregoing application for temporary restraining order. The facts stated in it are within my personal knowledge and are true and correct.

EXECUTED in the County of Middlesex, State of New Jersey on Tuesday, February 27, 2024.



_____
**Ajay Jani**



## Electronic Certified Copy

# Statement

**NORTH AMERICA MACHINERY LLC**

55 CARTER DRIVE, SUITE 201
EDISON, NJ 08817
Tel: 1-732-325-2422
sales@northamericamachinery.com

| Date |
| --- |
| 2/11/2024 |

| To: |
| --- |
| Speak 2 Voice LLC<br>1607 Kensington Blvd # 112<br>Sugarland, TX 77479<br>USA |

| | Amount Due | Amount Enc. |
| --- | --- | --- |
| | $1,002,300.58 | |

| Date | Transaction | Amount | Balance |
| --- | --- | --- | --- |
| 04/19/2023 | INV #12235. Due 04/19/2023. Orig. Amount $319,920.00. Grove GMK 6300B S/N 6250-8055 | 235,920.00 | 235,920.00 |
| 05/30/2023 | INV #12244. Due 05/30/2023. Orig. Amount $218,400.00. 2000 Grove GMK5210/5180 // S.NO 5180-9075 | 176,400.00 | 412,320.00 |
| 06/22/2023 | INV #12245. Due 06/22/2023. Orig. Amount $309,650.00. LIEBHERR LTM 1300-1 SN 071 133, YEAR 2003, 365 US, 300 METRIC TON ALL TERRAIN CRANE | 227,150.00 | 639,470.00 |
| 06/29/2023 | INV #12247. Due 06/29/2023. Orig. Amount $180,560.00. 1995 KRUPP KMK 5160 // S.NO 51608091 | 132,560.00 | 772,030.00 |
| 08/05/2023 | INV #12252. Due 08/05/2023. Orig. Amount $1,140.58. BANK SERVICE CHARGES | 1,140.58 | 773,170.58 |
| 08/29/2023 | INV #12246. Due 08/29/2023. Orig. Amount $268,800.00. ONE UNIT OF USED 2000 DEMAG AC 180 ALL TERRAIN CRANE S/N 24073 C/W MERCEDEZ ENGINES, 197' MAIN BOOM, 100 FT OF FIXED JIB, 141400 LBS OF COUNTERWEGHT 2 WINCHES, 5 SHEVA HOOK BLOCK | 208,800.00 | 981,970.58 |
| 09/21/2023 | INV #12257. Due 09/21/2023. Orig. Amount $4,980.00. 1996 JLG 150HAX 4WD Diesel Articulating Boom Lift S/N:0300024353 & 2003 JLG 800S Telescopic Boom Lift S/N:0300068041 | 4,980.00 | 986,950.58 |
| 09/21/2023 | INV #12258. Due 09/21/2023. Orig. Amount $15,350.00. 2006 JLG 860SJ 4WD Diesel Telescopic Boom Lift (Inoperable) S/N:0300090211 | 15,350.00 | 1,002,300.58 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
| --- | --- | --- | --- | --- | --- |
| 0.00 | 0.00 | 0.00 | 0.00 | 1,002,300.58 | $1,002,300.58 |

Electronic Certified Copy

Exhibit A

# Statement

**BEST INTERNATIONAL CARGO INC.**

2-266 RUTHERFORD RD S
BRAMPTON, ON L6W 3X3, CANADA
Tel: 905-454-3442 Fax: 905-451-3457
Email: info@bestinternationalcargo.ca

| Date |
|------|
| 2/11/2024 |

| To: |
|-----|
| SPEAK2VOICE<br>16170 KENSINGTON DR, # 112<br>SUGARLAND TX 77479 USA<br>Tel: 848 219 7924<br>Email: fairtrade2001@aol.com |

| Amount Due | Amount Enc. |
|------------|-------------|
| USD 277,071.00 | |

| Date | Transaction | Amount | Balance |
|------|-------------|--------|---------|
| 08/26/2022 | INV #14066. Due 08/26/2022. Orig. Amount USD 1,200.00. 220625607 | 1,200.00 | 1,200.00 |
| 02/28/2023 | INV #14185. Due 02/28/2023. Orig. Amount USD 1,272.00. Charges Paid to William | 1,272.00 | 2,472.00 |
| 06/28/2023 | INV #14260. Due 06/28/2023. Orig. Amount USD 750.00. LTM 1300 TONU CHARGES | 750.00 | 3,222.00 |
| 06/28/2023 | INV #14261. Due 06/28/2023. Orig. Amount USD 42,448.00. GMK 6220 // NPTBT024002 | 17,598.00 | 20,820.00 |
| 07/31/2023 | INV #14274. Due 07/31/2023. Orig. Amount USD 7,995.00. RICDV3228700 | 7,995.00 | 28,815.00 |
| 09/01/2023 | INV #14309. Due 09/01/2023. Orig. Amount USD 33,860.00. Used Grove GMK 5210/5180 All Terrain Crane S/NO. 5180-9075 // NPTBT024010 | 33,860.00 | 62,675.00 |
| 09/01/2023 | INV #14310. Due 09/01/2023. Orig. Amount USD 9,150.00. USED 2000 DEMAG AC 180 ALL TERRAINE CRANE S/NO. 24073 // 65902951 | 9,150.00 | 71,825.00 |
| 09/01/2023 | INV #14311. Due 09/01/2023. Orig. Amount USD 9,150.00. USED 1995 KRUPP KMK 5160 ALL TERRAIN CRANE S/NO. 51608091 // 67567135 | 9,150.00 | 80,975.00 |
| 09/01/2023 | INV #14312. Due 09/01/2023. Orig. Amount USD 65,805.00. USED LIEBHERR LTM 1300/1 ALL TERRAIN CRANE S/NO. 071133 // 63903682, 66903679, 68901317 | 805.00 | 81,780.00 |
| 09/01/2023 | INV #14313. Due 09/01/2023. Orig. Amount USD 38,503.00. USED 2000 DEMAG AC 180 ALL TERRAINE CRANE | 38,503.00 | 120,283.00 |
| 09/01/2023 | INV #14314. Due 09/01/2023. Orig. Amount USD 21,038.00. Used Grove GMK6300B All Terrain Crane S/NO. 62508055 // NPTBT024009 | 21,038.00 | 141,321.00 |
| 09/01/2023 | INV #14319. Due 09/01/2023. Orig. Amount USD 32,750.00. USED 1995 KRUPP KMK 5160 ALL TERRAIN CRANE S/NO. 51608091 // 67567135 | 32,750.00 | 174,071.00 |
| 11/22/2023 | INV #14395. Due 11/22/2023. Orig. Amount USD 52,000.00. CAN0755999A, CAN0755999B | 52,000.00 | 226,071.00 |
| 11/22/2023 | INV #14398. Due 11/22/2023. Orig. Amount USD 8,000.00. 60579888 | 8,000.00 | 234,071.00 |
| 01/29/2024 | INV #14446. Due 01/29/2024. Orig. Amount USD 39,000.00. USED LIEBHERR LTM 1300/1 ALL TERRAIN CRANE S/NO. 071133 // MM010597 | 39,000.00 | 273,071.00 |
| 02/11/2024 | INV #14459. Due 02/11/2024. Orig. Amount USD 4,000.00. Forklift | 4,000.00 | 277,071.00 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---------|--------------------|--------------------|--------------------|----------------------|------------|
| 4,000.00 | 39,000.00 | 0.00 | 60,000.00 | 174,071.00 | USD 277,071.00 |

Electronic Certified Copy

Exhibit B

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("this Agreement") is made and entered into on this __27__ day of January, 2024, by and between Speak 2 Voice, LLC ("S2V"), Best International Cargo, Inc. ("Best") and North American Machinery LLC ("NAM"). S2V, Best and NAM and are hereinafter referred to collectively as the "Parties".

### I.

### RECITALS

IN December, 2023, a dispute arose between the parties regarding various charges pertaining to five cranes bought by S2V, namely, a 2000 Grove GMK 5210 Crane S/N 51809075, a 2000 Grove GMK 6300 Crane S/N 62508055, 2003 Liebherr LTM 1300-1 Crane S/N 71133, a 1995 Krupp KMK 5160 crane S/N 51608091 and a 2000 Demag AC 180 Crane S/N 24073 (the "Cranes" herein) and who should pay such charges and the amounts due (the "Dispute").

b)      The Parties understand that prolonging the Dispute will negatively impact the availability of the Cranes, their businesses, and cause unnecessary financial turmoil and risk for the Parties.

c)      The Parties wish to settle their dispute, amicably, and therefore enter into this Agreement as to resolve all claims they have against one another.

d)      AS TO EACH AND EVERY ALLEGATION MADE BY A PARTY RECITED ABOVE, THE PARTIES HAVE EXPRESSLY DENIED SUCH ALLEGATIONS AND CONTINUES TO SO DENY.

e)      The Parties desire to compromise and settle their Dispute. Without admission of fault and for the sole purpose of avoiding litigation, NAM, Best and S2V desire to enter into this Agreement in order to provide for certain payment in full and complete discharge of all of the alleged claims, complaints, losses, expenses and damages, past, present and future, which are or could be the subject of a suit against S2V or another of the Parties.

### II.

### AGREEMENT

The Parties hereby agree as follows:

### RELEASE AND DISCHARGE

NAM and Best are releasing and discharging their claims, actions, and causes of action against S2V, and S2V is releasing and discharging its claims against NAM and Best, subject to the payments recited below.

The Parties' release applies to each other Party and its respective agents, principals, servants, legal representatives, employees, directors, shareholders, members, officers, and insurers, and all persons, firms, organizations, and corporations related to or in privity with the foregoing, even if such persons or entities are not specifically named in this Agreement.

In consideration of the payments and other agreements contained herein, NAM and Best does hereby RELEASE, ACQUIT AND FOREVER DISCHARGE S2V and its agents, principals, servants, legal representatives, employees, directors, shareholders, members, officers, and insurers, and all persons, firms, organizations, and corporations related to or in privity with the foregoing, even if such persons or entities are not specifically named in this Agreement, of and from any and all claims, demands and causes of action owned or held by NAM and Best and/or his heirs, successors, assigns, and attorneys which arise from or in any way relate to S2V, the Cranes or the Dispute.

This Agreement includes, but is not limited to:

1)   any liability which arises directly or indirectly out of or is in any manner related to S2V, the Cranes or the Dispute; and/or

2)   any liability which arises directly or indirectly out of or is in any manner related to the damages allegedly sustained as a result of the Cranes, their storage, delivery or payment at issue; and/or

3)   any liability which arises directly or indirectly out of or is in any



ARMAGHAN AHMAD
NOTARY PUBLIC
STATE OF NEW JERSEY
ID # 50039599
MY COMMISSION EXPIRES JUN. 03, 2026





Electronic Certified Copy

Exhibit C

 CamScanner

manner of claim or any matters, or like decree, or the like which could have been set forth in any lawsuit or action for the same.

iv)    This Agreement is a release and discharge of any and all claims, demands and causes of action of whatever nature, whether arising in contract, in tort or based upon any other theory of recovery known or unknown, presently existing, existing in the past or which might ever accrue in the future which arise from or in any way relate to S2V, the Cranes, or the Dispute.

v)    This Agreement is, without limitation, a release and discharge of all claims, demands and causes of action of whatever nature for past, present or future lost profits, lost business opportunities, out of pocket expenses, loss of use, loss of value, personal injury, pain and suffering, mental anguish, lost earnings or earning capacity, attorneys' fees, loss of consortium, equitable relief, exemplary damages and all other expenses, losses or damages of any kind, past, present or future with regard to S2V, the Cranes or the Dispute.

**b)    PAYMENT**

In consideration for the agreements set forth above and below, and with the understanding by all parties to this Agreement that no portion thereof constitutes exemplary or punitive damages, the Parties do hereby agree, upon execution of this Agreement, to the following:

Upon execution of this Agreement, S2V agrees to pay to NAM the sum of NINE HUNDRED THOUSAND DOLLARS ($900,000.00) as follows:  Universal Equipment, located in India, will make one payment by check of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) on behalf of S2V to Maple Maritime, who is collecting on behalf of NAM on or before January 31, 2024 in India, and 2) a second wire payment of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) from S2V, into the account of NAM in the United States, or before January 31, 2024. If such wire payment is not received within five business days after January 31, 2024 (February 7, 2024), then NAM may deposit the check provided by S2V for $100,000.00 not earlier than February 7, 2024 (Check No. 1980).

Upon receipt of the two above described payments, NAM and Best will release the following Cranes: 2000 Grove GMK 5210 Crane S/N 51809075, a 2000 Grove GMK 6300 Crane S/N 62508055 , 2000 Demag AC 180 Crane S/N 24073 to the end purchaser in India. NAM and Best shall release the Cranes by Telex immediately upon receipt of payment.

ii) Upon execution of this Agreement, S2V agrees to pay to NAM the remaining balance of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) as follows: one check payment of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) on or before February 20, 2024 to NAM, in the United States (Check No. 1981). Upon receipt of this payment, the NAM and Best shall cause the a 2003 Liebherr LTM 1300-1 Crane S/N 71133 and 1995 Krupp KMK 5160 crane S/N 51608091 to be immediately released to its end purchaser, via Telex release.

iii)    NAM and Best hereby acknowledge, upon receipt, the sufficiency of the payment in full and final satisfaction of all claims which arise from or in any way relate to S2V, the Cranes, or the Dispute. Upon receipt of the payment described above, NAM and Best shall release the Cranes as directed by S2V without any further charges, encumbrances, fees or any other cost.

iv)    In exchange for the payment of the sum specified above, paid by the payor to the payee above indicated, and the release of the Cranes, the mutual releases and other obligations shall be final and irrevocable.

v) Should Universal Equipment not make the payments scheduled in (i) above, S2V shall be liable for the full amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

**c)    REPRESENTATIONS AND WARRANTIES**

The Parties represent and warrants that they are or represents the only person who is entitled to any recovery for any cause whatsoever for damages, expenses, or losses allegedly incurred as a result of the claims described in the Dispute.

The Parties represent and warrants that they have not assigned or transferred all or any part of the claims, demands, actions, or causes of action referred to in the Dispute and this Agreement to any person, firm or corporation.

Each Party represents and warrants that it is or represents the full and sole owner of the claims, demands, actions, or causes of action referred to in the Dispute and this Agreement at the time of the execution of this Agreement.

**d)    INDEMNITY AGREEMENT**

i)    **NAM AND BEST HEREBY AGREES TO INDEMNIFY, HOLD HARMLESS AND DEFEND S2V, FROM AND AGAINST ANY AND ALL CLAIMS, SUITS, DEMANDS, ACTIONS AND CAUSES OF ACTION, INCLUDING, BUT NOT**







Electronic Certified Copy

CamScanner

BASED UPON SUBROGATION, WHICH HAVE BEEN OR WHICH MAY HEREINAFTER BECOME ASSERTED BY ANY PERSON, FIRM OR CORPORATION, FOR ANY ALLEGED DAMAGES AND/OR LOSSES SUSTAINED AS A RESULT OF THE CLAIMS DESCRIBED IN THE LAWSUIT AND THIS AGREEMENT.

**e)   CONFIDENTIALITY**

i)      The Parties agree to keep the terms of this Agreement and the amount of the settlement, as well as any negotiations relating hereto or thereto, confidential, except the Parties may disclose the settlement and the amount thereof to his respective partners, tax advisors, financial planning advisors and bankers, whom each Party agrees to caution as to the confidentiality of this Agreement and the amount of the settlement. The Parties not to divulge the terms of this Agreement and the amount of the settlement to others, including but not limited to any experts, consultants, witnesses, attorneys and/or agents or representatives of the press or media. Each Party agrees not to make any public announcements whatsoever regarding the fact of settlement or any settlement negotiations.

ii)     The disclosure of any of the aforementioned information, in violation of this provision, shall be deemed a material breach of the Agreement. The amount of damages for any such breach shall be determined by a court of competent jurisdiction.

iii)    The Parties further agree that no part of the payment set forth in Section II. (b.) herein constitutes consideration paid for the confidentiality provisions of this Agreement, except as provided: S2V agrees that the confidentiality provisions of this Agreement are supported by good and valuable consideration, mutually exchanged by the Parties, including but not limited to: (1) eliminating the costs and expenses that would be incurred further litigating the Dispute; (2) avoiding the public disclosure of testimony and/or documents at trial regarding facts that could be embarrassing for the Parties; and (3) avoiding the expense, stress, and uncertainty of a trial, including the possibility of appeal from an unfavorable judgment.

**f)   NON-DISPARAGEMENT**

i)      The Parties mutually agree that they will not disparage one another, either directly or indirectly, or encourage any other person to disparage any other Party. The Parties shall not make or publish disparaging statements about any other Party's business, employees, or personal or professional attributes. For the purposes of this provision, "disparage" or "disparaging" means and includes any negative, derogatory or uncomplimentary statement, or statement intended to cast any other Party in an unfavorable light, whether oral, written, or electronic, including on the internet or social media.

ii)     The violation of this non-disparagement provision shall be deemed a material breach of this Agreement. The amount of damages for any such breach shall be determined by a court of competent jurisdiction.

iii)    The Parties further agree and acknowledge that this non-disparagement provision is a material term of this Agreement, the absence of which would have resulted in the Parties refusing to enter into this Agreement.

**g)   DISCLAIMER OF LIABILITY**

Each Party agrees and acknowledges that he accepts payment of the consideration and other concessions specified in this Agreement as a full and complete compromise of matters involving disputed issues and is in full satisfaction of all of his claims against another Party; that the payment of any sum by S2V will not be considered admission of liability by any party; and that no past or present wrongdoing on the part of S2V will be implied by such payment.

**h)   ENTIRE AGREEMENT AND SUCCESSORS IN INTEREST**

This Agreement contains the entire agreement between the Parties with regard to the matters set forth herein and will be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each. It is understood and agreed that this Agreement supersedes any and all prior agreements, arrangements, or understandings between the Parties relating to S2V, the Cranes and the Dispute, and that no oral understandings, statements, promises, or inducements contrary to the terms set forth herein exist.

**i)   CONSTRUCTION / FUTURE DISPUTES**

i)      This Agreement is entered into in the State of Texas, and it will be construed and interpreted in accordance with the laws of the State of Texas.

ii)     The Parties agree that if any ambiguity shall be determined to be present in this Agreement, it shall not be construed against the party drafting this Agreement, but shall be construed to effectuate the intent of the Parties as expressed in this Agreement.



ARMAGHAN AHMAD
NOTARY PUBLIC
STATE OF NEW JERSEY
ID # 50039599
MY COMMISSION EXPIRES JUN. 03, 2026





**Electronic Certified Copy**



performance of this Agreement or any of its provisions, the Parties agree to attempt to resolve such disputes with a mutually agreed upon mediator, or if the Parties cannot agree upon a mediator, a mediator shall be supplied from a qualified pool from an organization such as the American Arbitration Association or Association of Attorney Mediators. If litigation is brought to construe or enforce this Agreement, the prevailing party shall be entitled to recover attorneys' fees, as well as court costs and expenses, including the cost of mediation.

### j) CONTRACTUAL AGREEMENT

It is understood and agreed by all parties to this Agreement that the terms of this Agreement are contractual and not a mere recital.

### k) REPRESENTATIONS OF COMPREHENSION OF AGREEMENT

i) The Parties acknowledges they have been represented by counsel throughout the negotiations leading to this Agreement and they have consulted with counsel regarding the meaning and effect of this Agreement. The Parties agrees that the terms and provisions of this Agreement are not to be construed more strictly against S2V and that it is the intention of the Parties that its terms and provisions be construed as having the plain meaning of the terms used.

ii) The Parties have carefully read the foregoing Agreement, understands the contents thereof and have signed the same as his own free act and deed.

iii) In executing and giving this Agreement, the Parties hereby state they have not relied upon any statement or representation pertaining to this matter made by the person, persons, firms, organizations or corporations who are hereby released or by any person or persons representing them.

### l) SEVERABILITY:

If any provision of this Agreement is held to be illegal, invalid, or unenforceable, this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised a part of this Agreement; and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Agreement provided that the essential purposes of this Agreement are not vitiated thereby.

### m) EXECUTION OF DOCUMENT:

This Agreement may be executed in multiple counterparts.

EXECUTED on this 29 day of January, 2024.

SP~    . OICE LLC
.sington Dr. #137
.ar Land, TX 77479

**SPEAK2VOICE LLC**
**16107 Kensington Dr. #137**
**Sugar Land, TX 77479**

SPEAK 2 VOICE, LLC

By: Rahim Rajyani

Its: Member

NORTH AMERICA MACHINERY, LLC

By: AJAY JANI

Its: CEO

**NORTH AMERICA MACHINERY LLC .**
**B6, Carter Drive, Suite 201,**
**Edison, NJ 08817, USA**
**TEL: 732-353-2422**



ARMAGHAN AHMAD
NOTARY PUBLIC
STATE OF NEW JERSEY
ID # 50039599
MY COMMISSION EXPIRES JUN. 03, 2026



Electronic Certified Copy

CamScanner

BEST INTERNATIONAL CARGO, INC.

By: Amit Kumar

Its: CFO

CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE      Page 4

ARMAGHAN AHMAD
NOTARY PUBLIC
STATE OF NEW JERSEY
ID # 50039599
MY COMMISSION EXPIRES JUN. 03, 2026



Electronic Certified Copy

CamScanner



Electronic Certified Copy

Exhibit C

07:54

← 🔽 🗑 ✉ ⋮

## deposited into your account ☆
## have been returned ▶ Inbox

 **Wells Farg...** Yesterday  ☺ ↩ ⋮
to me ⌄


**WELLS FARGO**

### Checks deposited into your Wells Fargo account have been returned

The following deposited checks have been returned unpaid. As a result, we have deducted the following amount $100000.00 from your account North America Machin.

| Date | Reason | Check number | Amount |
|------|--------|--------------|--------|
| 02/09/2024 | NSF-Insuf Funds | 0000001980 | $100000.00 |

We are sending you a paper copy of these checks via U.S. mail, which includes the front and back image of the returned check(s) for your reference.

For the most current balance and more account details, as well as access to deposited check images, sign on and go to this account.

If you have questions, please call us at 1-800-225-5935, 24 hours a day, 7 days a week.

Thank you for banking with Wells Fargo. We appreciate your business.

Wells Fargo Online Customer Service

**wellsfargo.com**  |  Security Center  |  Contact Us

**Please do not reply to this automated email.**

To modify or cancel your alerts, sign on to Manage Alerts.

235a2-816-b111-100f1ba57c-a2656bd3_65c6e4a6_1e32-273





Electronic Certified Copy



Electronic Certified Copy

Exhibit D

Filed
3/12/2024 4:23 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Sylvia Le



**NICHAMOFF**

LAW PC

2444 Times Boulevard , Suite 270
Houston , Texas 77005
(713) 503-6706
www.nichamofflaw.com

March 8, 2024


Fort Bend County District Clerk

    Ref: North America Machinery, LLC VS. Speak2VOICE LLC and RAHIM
    Cause # 24-DCV-313877

Dear Fort Bend County District Clerk,

On 3/5/2024, I filed PLAINTIFF'S ORIGINAL PETITION, APPLICATION
FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE
193.7 NOTICE into envelope # 85202377.    I failed to request and pay for 2
citations and would like to do so with this request.

Citations to be issued:

Defendant Speak2Voice, 5024 Bellevue Falls Lane, Sugar Land, Texas
77479. This defendant may be served through its registered agent, Mr.
Rajwani, at its registered office, 5024 Bellevue Falls Lane, Sugar Land, Texas
77479.

Defendant Mr. Rajwani, an individual residing at 5024 Bellevue Falls Lane,
SugarLand, Texas 77479, may be served with process at his residence..

Should you have any questions, please do not hesitate to contact me.

Thank you.


 Regards,

/s/ Seth A. Nichamoff
Seth A. Nichamoff
State Bar No. 24027568



**Electronic Certified Copy**

**SERVICE FEE NOT COLLECTED BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:   RAHIM RAJWANI
      5024 BELLEVUE FALLS LANE
      SUGAR LAND TX  77479

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE 193.7 NOTICE** filed on **March 05, 2024,** a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **24-DCV-313877**  and is styled:

**NORTH AMERICA MACHINERY, LLC VS. SPEAK2VOICE, LLC AND RAHIM RAJWANI**

The name and address of the attorney for **PLAINTIFF(S)** is:

**SETH ALLEN NICHAMOFF
NICHAMOFF LAW PC
2444 TIMES BOULEVARD SUITE 270
HOUSTON TX  77005
713-503-6706**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE 193.7 NOTICE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 15th day of March, 2024.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Tranisha Goffinet_

**Deputy District Clerk** TRANISHA GOFFINET
**Telephone:** (281) 344-3959



**Electronic Certified Copy**

**24-DCV-313877**                                      **400th Judicial District Court**
**North America Machinery, LLC VS. Speak2Voice, LLC and Rahim Rajwani**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ____M.   Executed

at _____, within the County of _____

_____, at _____o'clock ___M. on the _____ day of _____,

20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____

Name of Officer or Authorized Person

_____County, Texas

By:_____

Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,

(First, Middle, Last)

my date of birth is_____, and my address is _____

(Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

_____

Declarant / Authorized Process Server

_____

(Id # & expiration of certification)

**ORIGINAL**

Citation issued to Rahim Rajwani on 3/15/2024.



# Electronic Certified Copy

**SERVICE FEE NOT COLLECTED**
**BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:    RAHIM RAJWANI
       5024 BELLEVUE FALLS LANE
       SUGAR LAND TX  77479

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE 193.7 NOTICE** filed on **March 05, 2024,** a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **24-DCV-313877**  and is styled:

**NORTH AMERICA MACHINERY, LLC VS. SPEAK2VOICE, LLC AND RAHIM RAJWANI**

The name and address of the attorney for **PLAINTIFF(S)** is:

**SETH ALLEN NICHAMOFF**
**NICHAMOFF LAW PC**
**2444 TIMES BOULEVARD SUITE 270**
**HOUSTON TX  77005**
**713-503-6706**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE 193.7 NOTICE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 15th day of March, 2024.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____

**Deputy District Clerk** TRANISHA GOFFINET
**Telephone:** (281) 344-3959

**SERVICE**

Electronic Certified Copy

24-DCV-313877                                  **400th Judicial District Court**
**North America Machinery, LLC VS. Speak2Voice, LLC and Rahim Rajwani**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ___M.  Executed

at _____, within the County of _____

_____, at _____o'clock ___M. on the _____ day of _____,

20___, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                               (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                                (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

### SERVICE

Citation issued to Rahim Rajwani on 3/15/2024.

## Electronic Certified Copy

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:    SPEAK2VOICE, LLC
       C/O REGISTERED AGENT MR RAJWANI
       5024 BELLEVUE FALLS LANE
       SUGAR LAND TX  77479

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE 193.7 NOTICE** filed on **March 05, 2024,** a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **24-DCV-313877**  and is styled:

**NORTH AMERICA MACHINERY, LLC VS. SPEAK2VOICE, LLC AND RAHIM RAJWANI**

The name and address of the attorney for **PLAINTIFF(S)** is:

**SETH ALLEN NICHAMOFF
NICHAMOFF LAW PC
2444 TIMES BOULEVARD SUITE 270
HOUSTON TX  77005
713-503-6706**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE 193.7 NOTICE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 15th day of March, 2024.**

                                    **BEVERLEY MCGREW WALKER, DISTRICT CLERK
                                    FORT BEND COUNTY, TEXAS**
                                    Physical Address:
                                    1422 Eugene Heimann Circle, Room 31004
                                    Richmond, Texas 77469
                                    Mailing Address:
                                    301 Jackson Street, Room 101
                                    Richmond, Texas 77469

                                    By: _____
                                    **Deputy District Clerk** TRANISHA GOFFINET
                                    **Telephone:** (281) 344-3959



**Electronic Certified Copy**

**24-DCV-313877**                                           **400th Judicial District Court**
**North America Machinery, LLC VS. Speak2Voice, LLC and Rahim Rajwani**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___M.   Executed

at _____, within the County of _____

_____, at _____o'clock ___M. on the _____ day of _____,

20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ___ citation at $80.00 each  $_____

                              _____
                                Name of Officer or Authorized Person

                              _____County, Texas

                              By:_____
                                    Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is
not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed
under penalty of perjury and contain the following statement:

"My name is _____,
                                            (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                        (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

                              _____
                                Declarant / Authorized Process Server

                              _____
                                (Id # & expiration of certification)

**ORIGINAL**

Citation issued to Speak2Voice, LLC on 3/15/2024.



# Electronic Certified Copy

**SERVICE FEE NOT COLLECTED**
**BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:    SPEAK2VOICE, LLC
       C/O REGISTERED AGENT MR RAJWANI
       5024 BELLEVUE FALLS LANE
       SUGAR LAND TX  77479

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE 193.7 NOTICE** filed on **March 05, 2024,** a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **24-DCV-313877**  and is styled:

**NORTH AMERICA MACHINERY, LLC VS. SPEAK2VOICE, LLC AND RAHIM RAJWANI**

The name and address of the attorney for **PLAINTIFF(S)** is:

**SETH ALLEN NICHAMOFF**
**NICHAMOFF LAW PC**
**2444 TIMES BOULEVARD SUITE 270**
**HOUSTON TX  77005**
**713-503-6706**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE 193.7 NOTICE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 15th day of March, 2024.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By:  _Tranisha Goffinet_

**Deputy District Clerk** TRANISHA GOFFINET
**Telephone:** (281) 344-3959

**SERVICE**



**Electronic Certified Copy**

24-DCV-313877                                    **400th Judicial District Court**
**North America Machinery, LLC VS. Speak2Voice, LLC and Rahim Rajwani**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ___M.  Executed

at _____, within the County of _____

_____, at _____o'clock ___M. on the _____ day of _____,

20___, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                            (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                    (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

### SERVICE

Citation issued to Speak2Voice, LLC on 3/15/2024.

# Electronic Certified Copy

Filed
3/27/2024 6:18 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Dreamy Jose

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:    **SPEAK2VOICE, LLC
C/O REGISTERED AGENT MR RAJWANI
5024 BELLEVUE FALLS LANE
SUGAR LAND TX 77479**

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE 193.7 NOTICE** filed on **March 05, 2024,** a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **24-DCV-313877** and is styled:

**NORTH AMERICA MACHINERY, LLC VS. SPEAK2VOICE, LLC AND RAHIM RAJWANI**

The name and address of the attorney for **PLAINTIFF(S)** is:

**SETH ALLEN NICHAMOFF
NICHAMOFF LAW PC
2444 TIMES BOULEVARD SUITE 270
HOUSTON TX 77005
713-503-6706**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE 193.7 NOTICE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 15th day of March, 2024.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
    **Deputy District Clerk** TRANISHA GOFFINET
    **Telephone:** (281) 344-3959



**Electronic Certified Copy**

24-DCV-313877                              **400th Judicial District Court**
**North America Machinery, LLC VS. Speak2Voice, LLC and Rahim Rajwani**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _22_ day of _March_____, 20_24_, at _5:00_ o'clock _p_ M. Executed at _5024 Bellevue Falls LN Sugar Land, TX 77479_____, within the County of _Ft Bend_ _____, at _7:25_ o'clock _A_ M. on the _26_ day of _March_____, 20_24_, by delivering to the within named _Speak2Voice LLC c/o Registered Augent Mr Rajwani_____ _____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each $_____

_____ _Shawn Morgan_ _____
Name of ~~Officer~~ or Authorized Person

_____ _Ft Bend_ _____County, Texas

By: _Shawn Morgan_ _____
Signature of ~~Deputy~~ or Authorized Person

*State day and hour and place of serving each person.

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _Shawn Torrance Morgan_ _____,
(First, Middle, Last)

my date of birth is _3-23-66_____, and my address is _603 Dalewood_ _____
(Street, City, Zip)

_Missouri City, TX 77489_ _____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _Ft Bend_ _____ County, State of _Texas_ _____, on the _26_
day of _March 2024_ _____.

_Shawn Morgan_ _____
Declarant / Authorized Process Server

_5979_    _5-30-24_ _____
(Id # & expiration of certification)

**ORIGINAL**

Citation issued to Speak2Voice, LLC on 3/15/2024.



**Electronic Certified Copy**

Filed
3/27/2024 6:18 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Dreamy Jose

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:    RAHIM RAJWANI
       5024 BELLEVUE FALLS LANE
       SUGAR LAND TX 77479

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE 193.7 NOTICE** filed on **March 05, 2024,** a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **24-DCV-313877** and is styled:

**NORTH AMERICA MACHINERY, LLC VS. SPEAK2VOICE, LLC AND RAHIM RAJWANI**

The name and address of the attorney for **PLAINTIFF(S)** is:

**SETH ALLEN NICHAMOFF
NICHAMOFF LAW PC
2444 TIMES BOULEVARD SUITE 270
HOUSTON TX 77005
713-503-6706**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE 193.7 NOTICE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 15th day of March, 2024.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Tranisha Goffinet_

**Deputy District Clerk** TRANISHA GOFFINET
**Telephone:** (281) 344-3959



**Electronic Certified Copy**

24-DCV-313877                                    **400th Judicial District Court**
**North America Machinery, LLC VS. Speak2Voice, LLC and Rahim Rajwani**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _22_ day of _March_____, 20_24_, at _5:00_ o'clock _p_.M. Executed

at _5024 Bellevue Falls LN Sugar Land, TX 77479_____, within the County of _Ft Bend_____

_____, at _7:25_ o'clock _A_.M. on the _26_ day of _March_____,

20_24_, by delivering to the within named _Rahim Rajwani_____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_Shawn Morgan_____
Name of ~~Officer~~ or Authorized Person

_Ft Bend_____County, Texas

By: _Shn Mogn_____
Signature of ~~Deputy~~ or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _Shawn Torrance Morgan_____,
             (First, Middle, Last)

my date of birth is _3-25-66_____, and my address is _603 Oakewood_____
                                                           (Street, City, Zip)

_Missouri City, TX 77489_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _Ft Bend_____ County, State of _Texas_____, on the _26_

day of _March 2024_____.

_Shn Mogn_____
Declarant / Authorized Process Server

_5979    5-30-24_____
(Id # & expiration of certification)

**ORIGINAL**

Citation issued to Rahim Rajwani on 3/15/2024.

**Electronic Certified Copy**

Filed
4/15/2024 11:17 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. 24-DCV-313877

| | | |
|---|---|---|
| **NORTH AMERICA MACHINERY LLC,** | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| **SPEAK2VOICE LLC and RAHIM RAJWANI** | § | |
| *Defendants.* | § | 400th JUDICIAL DISTRICT |

## DEFENDANT SPEAK2VOICE ORIGINAL ANSWER

TO THE HONORABLE JUDGE:

Defendant **SPEAK2VOICE** *(Defendant)*, files this Answer in response to Plaintiff, **NORTH AMERICA MACHINERY LLC**'s Original Petition ("Petition") in the above captioned action. In support hereof, Defendant would respectfully show this Court as follows:

### GENERAL DENIAL

1.      Defendant generally denies any and all allegations contained in the Original Petition pursuant to Rule 92 of the Texas Rules of Civil Procedure and demand strict proof thereof by the requisite legal standards.

### PRAYER

Defendant respectfully requests that this Court enter a judgment that Plaintiff takes nothing from his claims and to assess all costs against Plaintiff. Defendant further prays for any further legal or equitable relief to which he may be entitled.

RESPECTFULLY SUBMITTED,

**GK LAW, PLLC**
*/s/ Gagan Khan*
**GAGAN KHAN**
State Bar No. 24090207



ROUTED TO COURT 4/15/24 SJ
RT'D TO D. CLERK

Electronic Certified Copy

efile@gagan.law

**RANDALL B. CLARK**
State Bar No. 04294900
efile@gagan.law
701 N. Post Oak Road, Suite 612
Houston, Texas 77024
Phone: 713.428.2045
Fax:  806.243.5734

**COUNSEL FOR DEFENDANT**



Electronic Certified Copy

<u>**CERTIFICATE OF SERVICE**</u>

      I certify that on April 15, 2024, a true and correct copy of this pleading was served upon all counsel and/or parties of record in accordance with the Texas Rules of Civil Procedure.

**Seth A. Nichamoff**                     **via Electronic Filing**
2444 Times Boulevard, Suite 270
Houston, Texas 77005
Tel: 713-503-6706
seth@nichamofflaw.com

                                     */s/ G̲A̲G̲A̲N̲ K̲H̲A̲N̲*
                                     **GAGAN KHAN**



**Electronic Certified Copy**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

GK Law E-File Texas on behalf of Gagan Khan
Bar No. 24090207
efile@gagan.law
Envelope ID: 86651946
Filing Code Description: Answer/Response
Filing Description: Defendant Speak2Voice Original Answer
Status as of 4/15/2024 12:08 PM CST

Associated Case Party: North America Machinery, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Seth Alan Nichamoff | 24027568 | seth@nichamofflaw.com | 4/15/2024 11:17:55 AM | SENT |

Associated Case Party: Speak2Voice, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gagan Khan | | efile@gagan.law | 4/15/2024 11:17:55 AM | SENT |
| Randall BurtonClark | | efile@gagan.law | 4/15/2024 11:17:55 AM | SENT |

Associated Case Party: Rahim Rajwani

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gagan Khan | | efile@gagan.law | 4/15/2024 11:17:55 AM | SENT |
| Randall BurtonClark | | efile@gagan.law | 4/15/2024 11:17:55 AM | SENT |



Filed
4/15/2024 11:17 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso

## CAUSE NO. 24-DCV-313877

| | | |
|---|---|---|
| **NORTH AMERICA MACHINERY LLC,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **SPEAK2VOICE LLC and RAHIM** | § | |
| **RAJWANI** | § | **400th JUDICIAL DISTRICT** |
| *Defendants.* | | |

### DEFENDANT RAHIM RAJWANI'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE:

Defendant **RAHIM RAJWANI** *(Defendant)*, files this Answer in response to Plaintiff,

**NORTH AMERICA MACHINERY LLC**'s Original Petition ("Petition") in the above captioned

action. In support hereof, Defendant would respectfully show this Court as follows:

### GENERAL DENIAL

1.      Defendant generally denies any and all allegations contained in the Original Petition

pursuant to Rule 92 of the Texas Rules of Civil Procedure and demand strict proof thereof by the

requisite legal standards.

### PRAYER

Defendant respectfully requests that this Court enter a judgment that Plaintiff takes nothing

from his claims and to assess all costs against Plaintiff. Defendant further prays for any further legal

or equitable relief to which he may be entitled.

RESPECTFULLY SUBMITTED,

**GK LAW, PLLC**
*/s/ Gagan Khan*
**GAGAN KHAN**
State Bar No. 24090207

**ROUTED TO COURT** 4/15/24 SJ
**RT'D TO D. CLERK**



**Electronic Certified Copy**

efile@gagan.law

**RANDALL B. CLARK**
State Bar No. 04294900
efile@gagan.law
701 N. Post Oak Road, Suite 612
Houston, Texas 77024
Phone: 713.428.2045
Fax:  806.243.5734

**COUNSEL FOR DEFENDANT**



Electronic Certified Copy

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on April 15, 2024, a true and correct copy of this pleading was served upon all counsel and/or parties of record in accordance with the Texas Rules of Civil Procedure.

**Seth A. Nichamoff**                                    **via Electronic Filing**
2444 Times Boulevard, Suite 270
Houston, Texas 77005
Tel: 713-503-6706
seth@nichamofflaw.com

*/s/ G*AGAN *K*HAN
**G**AGAN **K**HAN



**Electronic Certified Copy**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

GK Law E-File Texas on behalf of Gagan Khan
Bar No. 24090207
efile@gagan.law
Envelope ID: 86651946
Filing Code Description: Answer/Response
Filing Description: Defendant Speak2Voice Original Answer
Status as of 4/15/2024 12:08 PM CST

Associated Case Party: Speak2Voice, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Randall BurtonClark | | efile@gagan.law | 4/15/2024 11:17:55 AM | SENT |
| Gagan Khan | | efile@gagan.law | 4/15/2024 11:17:55 AM | SENT |

Associated Case Party: Rahim Rajwani

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Randall BurtonClark | | efile@gagan.law | 4/15/2024 11:17:55 AM | SENT |
| Gagan Khan | | efile@gagan.law | 4/15/2024 11:17:55 AM | SENT |

Associated Case Party: North America Machinery, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Seth Alan Nichamoff | 24027568 | seth@nichamofflaw.com | 4/15/2024 11:17:55 AM | SENT |



## Electronic Certified Copy

CERTIFICATION CERTIFICATE

THE STATE OF TEXAS

COUNTY OF FORT BEND

I, BEVERLEY MCGREW WALKER, Clerk of the District Court of Fort Bend County, Texas, do certify that the record in Cause Number **24-DCV-313877** and styled:

**NORTH AMERICA MACHINERY, LLC VS. SPEAK2VOICE, LLC AND RAHIM RAJWANI**

in the 400th Judicial District Court of Fort Bend County, Texas to which this certification is attached is a true and correct copy of:

- **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, JURY DEMAND, & RULE 193.7 NOTICE;**
- **LETTER REQUESTING CITATIONS;**
- **CITATION ISSUED TO RAHIM RAJWANI;**
- **CITATION ISSUED TO SPEAK2VOICE, LLC;**
- **OFFICER'S RETURN FOR SPEAK2VOICE, LLC;**
- **OFFICER'S RETURN FOR RAHIM RAJWANI;**
- **DEFENDANT SPEAK2VOICE ORIGINAL ANSWER;**
- **DEFENDANT RAHIM RAJWANI'S ORIGINAL ANSWER;**

in the matters and proceedings as appear of record in the 400th Judicial District Court of Fort Bend County, Texas.

Given under my official signature and seal of office at Richmond, Texas **on this the 22nd day of April, 2024**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
    Deputy District Clerk Yolanda Cole
    Telephone: (281) 341-4509

Electronic Certified Copy