IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NORTH AMERICAN MACHINERY, LLC § § § § Plaintiff, § v. § § SPEAK2VOICE and RAHIM RAJWANI, § § Defendants. § § | CIVIL ACTION NO. 24-1527 |

**MEMORANDUM AND ORDER**

This case was removed on the basis of diversity jurisdiction. The plaintiff has moved to remand. For the reasons stated below, the motion to remand is granted.

**I.  Background**

North America Machinery, LLC ("NAM") filed this action in state court. NAM alleged that it had contracted with Speak2Voice LLC and its member, Rahim Rajwani, for the purchase and delivery of cranes. Under the contract, NAM was to sell cranes to Speak2Voice, and Speak2Voice was to sell the cranes to customers in India. (Docket Entry No. 1-2 at ¶ 16). NAM alleges that when the cranes arrived in India, Speak2Voice refused to pay NAM as agreed, and NAM refused to release the cranes. (*Id.* at ¶ 17). Eventually, NAM, Speak2Voice, and the cargo carrier, Best International Cargo, entered a settlement agreement. (*Id.* at ¶ 20). Speak2Voice promised to pay NAM $900,000 in the form of "business checks made payable on future dates." (*Id.* at ¶ 21). In exchange, NAM released the cranes. (*Id.* at ¶ 22).

NAM alleges that the checks, signed by Rajwani, bounced. (*Id.* at ¶ 24). When NAM tried to cash them, some were "returned for insufficient funds" and others were subject to stop-payment

orders from Rajwani.  (*Id.*).  NAM asserts claims for breach of the settlement agreement; fraud; violation of the Texas Theft Liability Act, TEX. PEN. CODE §§ 31.01, *et seq.*; and fraudulent transfer.  NAM seeks damages and the imposition of a constructive trust.  (*Id.* at ¶¶ 27–51).

In April 2024, Rajwani and Speak2Voice removed on the basis of diversity jurisdiction. (Docket Entry No. 1).  NAM moved to remand, arguing that removal was precluded under the forum-defendant rule because both Rajwani and Speak2Voice admitted in their notice of removal to being citizens of Texas.  (Docket Entry No. 3).  In response, the defendants changed tack, arguing that federal question jurisdiction supported removal because NAM's state-law claims were preempted by the Convention on Contracts for the International Sale of Goods ("CISG"), which applies to contracts for the sale of goods between parties whose principal places of business are in different signatory nations.  (Docket Entry No. 8).  NAM replied, arguing that the CISG does not apply because the principal place of business for NAM is in New Jersey and for Speak2Voice is in Texas.  (Docket Entry No. 9 at 4).

II.     Analysis

Neither of the defendants' arguments support removal.  First, the forum-defendant rule precludes the defendants from removing based on diversity jurisdiction because both are Texas citizens and both were properly joined and served at the time of removal.  *See Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020); 28 U.S.C. § 1441(a). Second, the defendants have not established that NAM's state-law claims should be treated as federal claims.  The CISG is a federal treaty, and when it applies, it preempts state-law claims, including claims for breach of contract.  *Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, 81 F. Supp. 3d 543, 551 (S.D. Tex. 2015).  But the defendants have not established that the CISG applies. They merely assert, without supporting evidence, that "NAM has its principal place of business in

Canada." (Docket Entry No. 8 at 4). This conclusory assertion does not overcome NAM's allegation, which is supported by a declaration from its president, that "NAM's principal place of business [is] located at 55 Carter Drive, Suite 201, Edison, New Jersey 08817." (Docket Entry No. 9-1 at ¶ 3). This is the address of NAM's headquarters and of the "location from which the company's officers direct, control and coordinate the business' activities." (*Id.*).

Based on the current record, the court concludes that the CISG does not apply because the settlement agreement is not a contract for the sale of goods between parties whose places of business are in different nations.

### III.     Conclusion

This case is remanded to the 400th Judicial District Court of Fort Bend County, Texas.

SIGNED on June 24, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge